Holbrook and wife *vs.* The Utica and Schenectady Railroad Company.

In an action against a railroad company to recover damages for an injury sustained by the plaintiff while a passenger in the cars upon a railroad, it is not incumbent upon the plaintiff to prove actual negligence in the defendants; but the *onus probandi* is on the railroad company to show that there has been no disregard of their duties, and that the damage resulted from a cause which human care and foresight could not prevent.

Accordingly, where it was proved that the plaintiff was a passenger upon the defendants' cars, and that, while upon the road, *something* came in collision with the car in which she was seated, by means of which she was severely hurt, *it was held* that such a case of presumptive negligence was made out as called upon the defendants to show that the collision took place without any imprudence or want of care on their part.

Motion for a new trial. The action was brought to recover damages for an injury sustained by Mrs. Holbrook, while a passenger upon the defendants' cars. The complaint alleged, that, on the 22d of May, 1849, Mrs. Holbrook, having paid her fare from Utica to Schenectady, and while riding in one of the defendants' cars, within three or fours miles of Little Falls, in the county of Herkimer, the car in which she was riding, by and through the mere carelessness and negligence of the defendants, came partly in conflict and contact with another car of the defendants, sometimes called a floating car, standing on another track north of the one wherein she was riding, and a board, stick, or other hard substance of some kind, was then and there projecting from, and in some manner connected with, the car so standing and being on the other track, east of where Mrs. Holbrook was riding, and as the car in which she was riding was going past the floating car, the said board, stick or other hard substance came in violent contact with her elbow and thereby split and severely fractured the left arm, whereby she was confined to her room for about four months and suffered great pain, &c. The answer of the defendants put in issue the material allegations of the complaint. The action was tried at the Albany circuit, in March, 1852, before Mr. Justice Wright.

On the trial it was proved that Mrs. Holbrook was seated in the third passenger car of the train, in about the sixth seat from

the forward end of the car; that she was sitting on the north side of the car, and next to the window; that her elbow was resting upon the window sill and her head upon her hand, and that, while in this position, and while the cars were going at great speed, about four miles west of Little Falls, her elbow was suddenly struck by some hard substance from without, and her arm badly fractured. A gentleman sitting in the next seat behind Mrs. Holbrook also had his arm badly injured, and *the thing* which thus came in contact with the car, slightly brushed the dress of a lady sitting next behind the gentleman who was injured. An indentation of an inch and a half in width was made on the outside of the car. The substance, as it struck from one window to another, made considerable noise.

It also appeared that upon the north track, at or near where the collision took place, there stood five boarding cars, where men in the employ of the defendants had been engaged in laying ties; that the north track was up for a mile and a half. Mr. Priest, a superintendent of the defendants' road, testified that he was on the train at the time the injury occurred; that after arriving at Little Falls he returned to the boarding cars, and found them standing on the straight track just at the east end of a curve; that there were two eight wheeled cars standing on the east end; that these had sliding doors; that the door of the four wheeled car at the west end opened out and was not fastened; that this car was used as a storehouse car. He also testified that the two tracks were six feet apart; that the boarding cars were eight feet *four* inches wide; that the width of the track is four feet eight and a half inches; that the door of the storehouse car when opened at right angles would stand out two feet one and a half inches; that the first two cars in the passenger train were of Gould's manufacture and were eight feet eight inches wide, and the third car—that in which Mrs. Holbrook was seated—was a Springfield car, and was nine feet three inches wide. The men engaged upon the work there were not employed that afternoon. These were the only facts to indicate what it was that came in collision with the car in which Mrs. Holbrook was seated.

Holbrook *v.* Utica and Schenectady Railroad Co.

After the testimony was closed, the defendants' counsel moved for a nonsuit, on the ground that the plaintiffs had failed to show that the defendants or their agents or servants had been guilty of any negligence or improper conduct, by which the injury complained of had been caused. The motion was denied, and the defendants' counsel excepted.

The judge charged the jury that to entitle the plaintiffs to recover they must be satisfied from the evidence that Mrs. Holbrook had been injured by the negligence or want of care of the defendants, their agents or servants; that they must be satisfied from the proof, not from speculation, that the defendants' negligence alone caused the injury. The jury found a verdict for the plaintiffs for $1800.

*R. W. Peckham,* for the plaintiffs.

*J. H. Reynolds,* for the defendants.

*By the Court,* HARRIS, J. If the evidence was such as to make it proper to submit the case to the jury at all, the charge was sufficiently favorable to the defendants. The only question therefore is, whether the plaintiffs should have been nonsuited.

The defendants, when they undertook to carry Mrs. Holbrook, did not become insurers against unavoidable accidents. All they agreed was, that they would take all the care to prevent injury, which the nature of their business would allow. There are perils incident to every mode of conveyance. Of these, every traveler must take the risk. All he can ask of the carrier is, that the utmost degree of care and skill should be adopted in the preparation and management of the means of conveyance. This the carrier guaranties to do. His obligation extends to every thing that competent skill and human foresight can effect to secure safety. Of course, he is liable for any, even the slightest neglect. But beyond this, his liability does not extend. He cannot be made answerable for those casualties which elude human sagacity, and against which no prudence is sufficient to guard. (2 *Kent's Com.* 600. *Story on Bail.* §§ 601, 602. 2

*Greenl. Ev. 5th ed.* § 221.    *Ingalls* v. *Bills,* 9 *Metc.* 1.    *Hollister* v. *Nowlen,* 19 *Wend.* 236.)

The carrier of passengers being only liable on the ground of negligence, a question of considerable interest arises, whether it is incumbent upon the party claiming damages for an injury, to prove actual negligence, or whether the defendant must prove such facts and circumstances as will show that the accident occurred without his fault.    The latter I think may now be taken to be the settled rule.    It was first distinctly asserted in *Christie* v. *Griggs,* (2 *Camp.* 79.)    In that case, the action was against the proprietor of a stage coach, upon which the plaintiff was a passenger.    It had broken down and the plaintiff had been injured.    Upon the trial, before Mansfield, Ch. J. it was held that the plaintiff had made a *prima facie* case when he proved his going upon the coach, the accident, and the damage he had suffered.    "When the breaking down or overturning of a coach is proved," said the chief justice, "negligence on the part of the owner is implied.    He has always the means to rebut this presumption, if it be unfounded.    He must show that the damage arose from what the law considers a *mere accident.*"    Though this was but a *nisi prius* decision, it has been recognized, and cited with approbation, by courts of acknowledged authority.    *Stokes* v. *Saltonstall,* (13 *Peters,* 181,) was, like *Christie* v. *Griggs,* an action against the proprietor of a stage coach for an injury sustained by a passenger.    Upon the trial it had been held that the facts that the carriage was upset and the plaintiff's wife injured, were *prima facie* evidence that there was carelessness, or negligence, or want of skill on the part of the driver, and that it was incumbent on the defendant to prove that the driver was a person of competent skill, of good habits, and in every respect qualified, and suitably prepared for the business in which he was engaged, and that he acted on the occasion with reasonable skill, and with the utmost prudence and caution.    In reviewing this case, upon error, the court said, "if the question were one of the first impression, we should, upon the reason and justice of the case, adopt the principle laid down by the circuit court.    But, although there is no case which

Holbrook *v.* Utica and Schenectady Railroad Co.

could have the weight of authority in this court, we are not without a decision in relation to it. The very point was decided in 2 *Camp.* 80. So in *McKinney* v. *Niel,* (1 *McLean,* 540,) in a similar action, it was held, at the circuit, by Mr. Justice McLean, that the plaintiff had sustained his action by showing the injury, he being a passenger, and that it then became incumbent on the defendant to prove the facts and circumstances which would go to excuse him from liability.

In *Carpue* v. *The London and Brighton Railway Company,* (5 *Ad. & Ellis, N. S.* 747,) the action was for an injury which happened while the plaintiff was being conveyed in one of the defendants' carriages. Lord Denman, before whom the trial was had, told the jury that they must be satisfied that the accident had been brought about by the negligence of the defendants in the course of carrying the plaintiff upon the railway; and that, it having been shown that the exclusive management, both of the machinery and the railway, was in the hands of the defendants, it was presumable that the accident arose from their want of care, unless they gave some explanation of the cause by which it was produced; which explanation the plaintiff, not having the same means of knowledge, could not reasonably be expected to give. An application was made for a new trial in the case, upon the ground, among others, of misdirection in telling the jury that it lay on the defendants to disprove negligence, rather than on the plaintiff to prove it; but upon the argument the point was abandoned by the defendants' counsel.

Referring to these decisions, our own elementary writers have laid it down as a settled rule of evidence that the *onus probandi* is on the proprietor of the vehicle to establish that there has been no disregard of his duties and that the damage resulted from a cause which human care and foresight could not prevent. (*Angell on Carriers,* § 569.  2 *Greenl. Ev.* § 222.)

This being the established rule, it follows that when it had been proved that Mrs. Holbrook was a passenger upon the defendants' cars, and that, while upon the road, *something* came in collision with the car in which she was seated, by means of which she was severely hurt, such a case of presumptive negli-

gence was made out as called upon the defendants to show that the collision took place without any imprudence or want of care on their part.   Of course, this was a question which must necessarily be submitted to the jury.   The plaintiffs having proved a *prima facie* cause of action, the motion for a nonsuit could not be granted.

Under these circumstances the judge left it to the jury to say, from the evidence, whether Mrs. Holbrook had been injured by the negligence or want of care of the defendants, and told them that before they could find a verdict for the plaintiffs, they must be satisfied, and that too from the proof, and not speculation merely, that the injury had been caused by the defendants' negligence alone.   If any one could complain of these instructions it was the plaintiffs.   It would have been enough if the judge had instructed the jury that a *prima facie* case of negligence having been made out, the plaintiffs were entitled to a verdict, unless the defendants had repelled it by proof which satisfied them that the accident was not, in any degree, attributable to their want of care.

Although the evidence leaves it quite uncertain how the collision happened, I think it warranted the conclusion that it was caused by the swinging door of one of the boarding cars.   The defendants' superintendent testifies that on going back to the place he found all the doors fastened but one.   That door opened at right angles, and when thus opened would stand out two feet one and a half inches.   The car itself was *eight* feet *four* inches wide, and the track itself being four feet eight and a half inches wide, the door, when open, would project towards the south track three feet eleven inches and a quarter.   The distance between the two tracks is six feet.   The width of the two passenger cars which preceded that where the collision took place was eight feet eight inches.   Of course, these would project north of the track a little less than two feet.   But the third car was a Springfield car, and seven inches wider than the other two, so that it might well happen that this car would come in contact with the swinging door, while the others escaped.   So, at least, the jury must

have thought, and I cannot say they were not warranted in the conclusion. The plaintiffs are therefore entitled to judgment.

New trial denied.

[Albany General Term, December 6, 1852. *Parker, Wright* and *Harris,* Justices.]