## BOWEN v. NEW YORK CENTRAL RAILROAD COMPANY.

When the presumption of negligence has been established against a carrier of passengers, in an action for damages resulting from an accident, it can only be rebutted by proving that the accident resulted from circumstances against which human prudence and foresight could not guard.

The rule is to be understood as requiring, not such particular precautions as it is apparent, after the accident, might have prevented the injury, but such as would be dictated by the utmost care and prudence of a very cautious person before the accident and without knowledge that it was about to occur.

APPEAL from the Supreme Court. The action was for damages sustained by the plaintiff in consequence of the negligence of the defendant and its servants in the construction of its railroad and machinery, failure to maintain fences and careless running of a train of cars in which he was a passenger. Upon the trial at the Genesee circuit, before Mr. Justice BOWEN, the plaintiff had a verdict and judgment, which having been affirmed at general term in the eighth district, the defendant appealed to this court. The case is fully stated in the following opinion.

*Henry R. Selden,* for the appellant.

*W. D. Shuart,* for the respondent.

JOHNSON, Ch. J. The case disclosed by the bill of exception is, that the plaintiff, a passenger on the defendants'

Bowen *v.* The New York Central Railroad Company.

railroad, was injured under these circumstances. As the train was passing Bergen station, the engine struck a cow which had strayed upon the track, killing the cow and dragging her body about one hundred feet, where it was left by the side of the track. At that point the rear truck of the rear car, in which the plaintiff was riding, was thrown off the track, and the car, after running on in this condition some ninety rods, became detached from the train and was turned over and thrown down a descent of five or six feet and badly broken. There was nothing to prevent cattle passing from the highway to the place where the engine came in contact with the cow. The judge at the trial charged as follows : " The law presumes, in this case, that the overturning of the car and the consequent injury to the plaintiff resulted from the defendants' negligence ; that this presumption can only be rebutted by evidence on the part of the carrier that the accident occurred from circumstances against which human prudence and foresight could not guard." The defendants excepted to each of these propositions at the trial, but upon the argument the exception to the first proposition was waived, and is therefore only noticed as it enables us to present more distinctly the precise point involved in the other. This waiver, it ought perhaps to be observed, was made, not as an abandonment of the point of law involved, but only because the same point was presented in a more favorable way for the defendants in another cause, where it was to be argued. But so far as the result of this cause is concerned, the point is not to be deemed raised. The second exception then assumes that the carrier is rightfully charged with the burden of exculpating himself from presumable negligence, and brings in question only the rule of care and diligence which the charge prescribes as the test of his liability. The rule thus stated exempts the carrier from responsibility for those accidents only which occur from circumstances against which human prudence and foresight could not guard, and

holds him bound to employ the utmost prudence and fore-sight in avoiding and guarding against accidents. It is contended on the part of the defence that the rule laid down at the trial imposes upon the carrier of passengers the obligations which attach to the carrier of goods, and makes him practically an absolute insurer of the safety of passengers. This criticism upon the rule is founded upon what I consider a misinterpretation of the language of the judge. He must not be understood to say that, if the jury, looking back at the circumstances of an accident, can see that some course of conduct or precaution would have prevented its occurrence, the carrier is liable for having failed to pursue that course or omitted that precaution. In this sense, and in this sense only, is the position of the defendants' counsel accurate, that human prudence and foresight can guard against every danger not resulting from the act of God or public enemies. The judge was speaking of prudence and foresight to be exercised before the accident, and without knowledge that it was about to occur. Nor can his language be deemed inconsistent with the idea that railroad cars are to be run, and run at speed, or to require that railroad companies, for the mere purpose of securing safety to passengers, shall not do all that they are intended to do when they are established. But assuming this, he said, in substance, that the utmost prudence and foresight were to be manifested in guarding against accident. In this he was sustained by the language of the elementary books and the cases. Thus, in *Story on Bailments*, it is said, "passenger carriers bind themselves to carry safely those whom they take into their coaches, as far as human care and foresight will go, that is, for the utmost care and diligence of very cautious persons." (§ 601.) And again, that after the *onus* has been cast upon them, they are bound to show that there has been no negligence whatsoever; and that the damage or injury has been occasioned by inevitable casualty or by some cause which human care and foresight could not pre-

Bowen v. The New York Central Railroad Company.

vent. ( *Id.*, § 601, *a;* 2 *Greenl. Ev.*, § 222; *Angel on Carriers*, § 569; *Christ*ℴ v. *Griggs*, 2 *Camp.*, 79; *Laing* v. *Colder*, 8 *Barr*, 479, *Ingalls* v. *Bills*, 9 *Metc.*, 15; *Hegeman* v. *Western R×ir×d*, 3 *Kern.*, 24.) In all these books and ·cases, and ℴt×ℴrs might be added were it needful, the same expressions in substance have been used as were employed in this case to mark the line of the obligation of a passenger carrier. "As far as human care and foresight will go," has become almost a familiar form of expression in stating the rule of duty. If any fear was entertained that the jury might not correctly apprehend the force of the rule, and understand it to be said, not of prudence and foresight to be exercised before the event, but afterwards, and as affirming that if they could then see that particular precautions would have prevented the particular accident, though its likelihood could not be foreseen and did not, therefore, need to be guarded against, some request should have been made to the judge which would have called his attention to the misapprehension which was thought possible. Under those circumstances he would, we must assume, have added such explanations or limitations as might have been legally required. Of course, carriers of passengers are not insurers of the safety of their passengers; but measuring the duty of care, in degree, by the dangers which attend railroad carriage, it is plain that the utmost foresight as to possible dangers and the utmost prudence in guarding against them, are the only limits which a decent regard to the safety of men, and a conformity to the established principles of the law, allow to be fixed to the responsibility of those who conduct and manage railroads.

COMSTOCK and SELDEN, Js., took no part in the decision; ROOSEVELT, J., dissented; all the other judges concurring,

Judgment affirmed.