AUGUSTUS MAVERICK and ELLEN G. MAVERICK, his wife, *v.* THE EIGHTH AVENUE RAILROAD COMPANY.

*Negligence of Carrier, what—Evidence—Husband when competent Witness.*

In an action brought by the husband and wife for an injury done to the wife through the carelessness of the Defendant, the husband is a competent witness for and on his own behalf when the action was commenced prior to the act of 1861 giving to the wife an action in her own name for injuries to her person.   Carriers of persons bind themselves to carry safely persons whom they take into their coaches, as far as human care and foresight will go—that is, to the utmost care of very prudent persons.

Appeal from a judgment of the General Term of the Court of Common Pleas of the City and County of New York, affirming a judgment for the Plaintiff for $1,215.13 damages and costs entered on a verdict rendered on trial before Hon. John R. Brady, judge of that Court, and a jury.   A motion for a new trial was made at Special Term, which was denied by order, dated the 7th of February, 1861.   Appeal was taken to the Court at General Term from the judgment and order.   The General Term affirmed the judgment and order, with costs, and judgment was accordingly entered, August 22d, 1861, with $100.04 costs.   No opinion was delivered.

The Plaintiff, Ellen G. Maverick, on the 18th day of January, 1859, was a passenger in one of the Defendants' cars, on the Eighth avenue, in the city of New York, going up town.   The car was full, and the conductor and several other persons were standing on the back platform and in front of the door.   For several blocks below Thirty-second street, the car was followed by a hook-and-ladder truck and apparatus running to a fire.   For a block or two below that street the truck was run in the railroad track, right behind the car, at a very rapid rate, and rapidly overtaking the car.   When the car reached Thirty-second street, the apparatus being about fifteen or twenty feet off, and as another car was

running down on one side, and a truck loaded with a heavy boiler, and several carts, on the other, the conductor, notwithstanding the signal of the person in charge of the apparatus to go on, suddenly stopped the car.   He told Mrs. Maverick to "come on," put his hands on her shoulders and hurried her out as far as the platform, when she was struck with great force by one of the ladders on the truck, and seriously injured.   "The time from the stopping of the car till the ladder struck was almost instantaneous."   When he stopped the car the conductor stood on the platform and saw the truck advancing rapidly on him.   The hook-and-ladder company were so close to the car when it stopped, that with the speed at which they were running they (as the foreman alleged) were unable to turn out without hitting the car, or endangering themselves from a car and truck coming down on either side of this railroad car.

On the trial the Defendants excepted to the decision of the Court overruling their objection to the exception of testimony of a custom or understanding between railroad companies and fire companies, in relation to the movements of the cars on signals from those in charge of the fire companies.

The Defendants requested the judge to charge the following propositions :

*First.* That in order to hold the Defendants liable, the jury must find that the conduct of the Defendants' agent was the cause of the hook-and-ladder company being driven against Mrs. Maverick.

*Second.* That if the injury was caused by a want of care on the part of the hook-and-ladder company, the Defendants were not liable.

*Third.* That if the injury could have been avoided by reasonable care on the part of the hook-and-ladder company, no rule of law required the Defendants' agent to anticipate that such care would not be given.

That the testimony of the witnesses does not establish any custom by which the Defendants' car ought to have gone ahead when signalled by the witness, Bailey, as testified to by him.

SCRUGHAM, J.—The testimony of the Plaintiff, Augustus Maverick, was properly received.   The question is not whether he can be a witness for his wife, but whether, being a party, he must be debarred from testifying in his own behalf because his wife is also a party to the action.   If the result of the action could only affect his wife, or her separate property, and he was merely a nominal Plaintiff, having no pecuniary interest whatever in the result, and he should be offered as a witness, the question as to his inadmissibility on account of his marital relation to the real Plaintiff in interest would be presented as having no interest in the result of the action; he could not be considered as a party offering to testify in his own behalf, or in any other character than as a witness for or against his wife.   But in cases like this before us, the husband has a direct pecuniary interest in the result.

The action was commenced, and the judgment rendered, before the passage of the act of 1861, giving to the married woman the right to maintain an action in her own name, and as if she were a feme sole, for injuries to her person, and declaring that the moneys recovered as a judgment in such action shall be her sole and separate property.   As the law stood at the time of the injury on account of which this action was brought, and of the judgment, the husband was entitled to the money which should be recovered in his lifetime for injuries to the person of his wife, and the necessity for making the wife a party to such actions arose from the fact that the damages would survive to the wife, if the husband died before they were recovered.   The interest of the husband in the recovery was direct and immediate, while that of the wife was uncertain and contingent.   He had the right as a real party in interest to be examined as a witness in his own behalf, and the circumstance that his wife might be benefited by his testimony, if he should die before recovery, is merely incidental and would not justify the exclusion of his testimony.

It is not claimed that the Plaintiff was guilty of any negligence contributing to produce the injury, but it is urged that it was not occasioned by negligence chargeable upon the Defendants.

The cases in this Court of Bowen *v.* N. Y. Central Railroad Company (18 N. Y. 408), and Deyo *v.* N. Y. Central Railroad Company (34 N. Y. 9), were decided upon and reiterate the well-settled rule that "passenger carriers bind themselves to carry safely those whom they take into their coaches, as far as human care and foresight will go; that is, to the utmost care and diligence of very cautious persons." Applying the rule to the case before us, it cannot be doubted that the jury were authorized from the testimony adduced by the Plaintiff to find that, if the conductor had exercised such a degree of care and diligence, the injury to the Plaintiff would not have occurred. He saw the truck behind his car, on the same track with it and approaching it with great rapidity, and it was within fifteen or twenty feet of it when he stopped the car and, calling upon the Plaintiff to leave it, led or guided her out on to the rear platform, where she was struck. The street was so obstructed by a car to the west of the track, and by a vehicle carrying an iron boiler, and carts, to the east of it; that the passage of the truck was confined to the track on which it was running, and it was impossible for those in charge of it to stop or turn it so as to avoid collision within the space between it and the car, at the time the car was stopped. It was the duty of the conductor, in the exercise of that foresight as to possible dangers which carriers of passengers are bound to observe, to notice and consider these circumstances; and his conduct in disregarding them, or in stopping his car in view of them, and in bringing a passenger out of it on to the rear platform, cannot be regarded as the exercise of the "utmost care and diligence of very cautious persons." There was conflicting evidence as to some of these facts, especially as to the possibility of stopping or turning the truck within the fifteen or twenty feet that intervened between it and the car at the time the latter was stopped. The jury had the right to determine these questions, and we are to presume from their verdict that they adopted the version of the Plaintiff's witnesses.

There was no error in the judge's refusal to charge the propositions presented by the Defendant's counsel. The first asserts

that "the hook-and-ladder company" was driven against the Plaintiff, and this inaccuracy of statement alone would justify the refusal; but if, as I suppose, the Defendants intended to request the judge to charge that, in order to hold the Defendants liable, the jury must find that the conduct of the Defendants' agent was the cause of the ladder on the truck of the hook-and-ladder company being driven against the Plaintiff, the request was too broad. To establish the liability of the Defendants, it was not necessary to show that the conduct of their conductor caused the blow by which the injury was inflicted, but only that it could have been avoided by ordinary prudence and care, and that he did not exercise them.

The testimony in regard to the existence of an understanding between firemen and conductors of street cars, in relation to signals for the regulation of the movements of the cars on the approach of a truck or fire-engine, did not establish a custom in the legal acceptation of that term; nor does it appear to have been offered in that view. If there was a general practice and understanding on the subject between such persons, the testimony was relevant to the question as to negligence in the conductor, in showing that such signals, usually and generally understood, were disregarded by him. The jury were directed to determine upon the conflicting evidence on this point, as to the existence of such general understanding and practice; and the judge committed no error in refusing to charge as requested, that the testimony of the witnesses did not establish any such custom.

The second and third propositions ignore all obligation on the part of the Defendants to protect their passengers against collisions caused by the careless management of other vehicles, which the Defendants' agent might have avoided by the exercise of ordinary prudence and care.

The judgment should be affirmed.

All concurring.

Affirmed.

JOEL TIFFANY,
State Reporter.