CHRISTOPHER DOUGHERTY, Plaintiff in Error, *v.* MISSOURI PACIFIC RAILROAD COMPANY, Defendant in Error.

### February 1, 1881.

1. A carrier of passengers by street-cars must either wait a reasonable time for the passenger to be seated, or must start the car with a gradual motion. Where the car is started with an unusual jerk which throws the passenger against the car window and lacerates his hand, before he has time to be seated, and it appears that by a proper use of the reins and brake the car could be started without any jerk, this makes a *prima facie* case of negligence against the carrier.

8. A general allegation of negligence is good after verdict.

ERROR to the St. Louis Circuit Court, WICKHAM, J. *Reversed and remanded.*

McCOMAS & McKEIGHAN, for the plaintiff in error, cited: *Stokes* v. *Saltonstall*, 13 Pet. 181; *Christie* v. *Griggs*, 2 Camp. 79; *Railroad* v. *Pollard*, 22 Wall. 341; *Cincinnati* v. *Smith*, 22 Ohio St. 227; *Lemon* v. *Chausler*, 68 Mo. 340.

LEE & CHANDLER, for the defendant in error : A general allegation of negligence is not sufficient. — *Lee* v. *Manufacturing Co.*, 6 Mo. App. 578. The act done or omitted constituting negligence, must be shown. — *Schultz* v. *Railroad Co.*, 36 Mo. 32 ; *Nolan* v. *Shickle*, 3 Mo. App. 300 ; *Ward* v. *Andrews*, 3 Mo. App. 275 ; 36 Mo. 484 ; 65 Mo. 25 ; 29 N. Y. 315–326. Mere proof of an accident having happened to a train does not cast upon the railway company the burden of showing the real cause of the injury. *Hammack* v. *White*, 11 C. B. (N. S.) 594. The same degree of care is not required of the carriers of passengers upon street-cars drawn by horses, as of railroad companies whose cars are drawn by steam. — *Umber* v. *Railroad Co.*, 6 Robt. 327 ; *s. c.* 51 N. Y. 497 ; *Feital* v. *Railroad Co.*, 109 Mass. 398.

THOMPSON, J., delivered the opinion of the court.

This is an action against a common carrier of passengers for damages for an injury sustained by a passenger while in the carriage of the defendant. At the close of the plaintiff's case, the court gave an instruction that, on the pleadings and evidence, the plaintiff is not entitled to recover. The plaintiff took a non-suit with leave, which the trial court refused to set aside.

The testimony is, that the plaintiff, after dark on an evening in April, entered a car of the defendant's line. The car was moving west on the defendant's railroad track between Fourth and Fifth Streets, on Olive Street, in St. Louis. It was hailed by the plaintiff, and stopped to take him on. The seats on the north side of the car were full. Four seats on the south side were also occupied. In order to find a vacant place the plaintiff moved toward the west end of the car, and, as he was about to take his seat, the car started with a sudden jerk, which threw him off his feet. He had an umbrella in his right hand ; he threw out his left hand to catch a strap, but missed it, and his hand went

through the window. The hand was very badly lacerated by the glass. After the plaintiff had been treated by several physicians for months, and had suffered great pain, it was found necessary to amputate the arm to save his life. This was accordingly done. There is testimony that the jerk with which the car started was unusual on that line ; that the sensation was not as if there was a pebble on the track, but as if the horses started off suddenly and rapidly. A car-driver testifies that, by holding the lines tight in one hand and controlling the brake with the other, a car can be made to start without a jerk.

There is no doubt that the mere fact that an accident has happened to a passenger during the transit, without more, is not evidence to charge the carrier. *Curtis* v. *Railroad Co.*, 18 N. Y. 536 ; *Brehm* v. *Railway Co.*, 34 Barb. 256, 268. Thus, if a passenger were to fall down upon the floor of a railway coach, while it was standing still ; or, while sitting in the coach, were wounded by a gunshot fired by a trespasser from without, or were struck by lightning from above, it is obvious that in none of these cases would there be a *prima facie* case against the carrier, since there would be nothing in the facts attending the accident tending to show a failure of duty on his part. This illustrates what the courts mean by holding that a carrier of passengers, while bound to extraordinary care, is not an insurer of his passengers. But the carrier is under a duty towards his passengers of exercising a high degree of care, to the end that his physical means of transportation shall be safe, and that no error injurious to the passenger shall be committed in operating them. Such being the measure of his duty, the following propositions may be laid down as governing his liability : When an injury is shown to have been produced, either (1) by the breaking down or failure of the carrier's vehicle, roadway, or other physical appliances ( *Christie* v. *Griggs*, 2 Camp. 79 ; *Railroad Co.* v. *Evaid*, 1 Moo. P. C. C. (N. S.) 101 ; *Carpue* v. *Railroad Co.*, 5 Q. B.

747, per Lord Denman, C. J.; *Bowen* v. *Railroad Co.*, 18 N. Y. 408; *Curtis* v. *Railroad Co.*, 18 N. Y. 538; *Railroad Co.* v. *Wightman*, 29 Gratt. 431; *Sullivan* v. *Railroad Co.*, 30 Pa. St. 234; *Laing* v. *Colder*, 8 Pa. St. 479; *Railroad Co.* v. *Beggs*, 85 Ill. 80; *Railway Co.* v. *Thompson*, 56 Ill. 138; *Yonge* v. *Kinney*, 28 Ga. 111; *Brehm* v. *Railway Co.*, 34 Barb. 256; *Ware* v. *Gay*, 11 Pick. 106); or (2.) by an error of the carrier, or his servants, in operating them (*Skinner* v. *Railroad Co.*, 5 Exch. 786; *Stokes* v. *Saltonstall*, 13 Pet. 181 (affirming *s. c. sub nom. Saltonstall* v. *Stockton*, Taney's Dec. 11); *Railroad Co.* v. *Pollard*, 22 Wall. 341; *Farish* v. *Reigle*, 11 Gratt. 697; *Holbrook* v. *Railroad Co.*, 12 N. Y. 236 (affirming *s. c.* 16 Barb. 113); *Stockton* v. *Frey*, 4 Gill, 406; *Fairchild* v. *Stage Co.*, 13 Cal. 599; *Roberts* v. *Johnson*, 58 N. Y. 613 (affirming *s. c.* 5 Jones & Sp. 613), without more, a presumption of negligence arises against the carrier, which casts upon him the burden of showing that the accident happened notwithstanding the exercise on his part of the high degree of care which the law imposes upon him. Some courts have stated the rule even in stronger terms than those stated above. Thus, it is said by the Supreme Court of Pennsylvania that, "*prima facie*, where a passenger being carried on a train is injured without fault of his own, there is a legal presumption of negligence, casting upon the carrier the *onus* of disproving it." *Meier* v. *Railroad Co.*, 64 Pa. St. 225, 230; *Laing* v. *Colder*, 8 Pa. St. 479, 483. The instruction which was held good in *Railroad Company* v. *Pollard*, 22 Wall. 341, 346, 350, went quite as far, namely: "If, from the evidence, the jury are satisfied that the injury was occasioned while Mrs. Pollard was a passenger on the defendant's road, and that she was in the exercise of ordinary care, — namely, that degree of care which may be reasonably expected from a person in her situation, — this would be *prima facie* or presumptive evidence of the defendant's liability, and that the plaintiff would not

be required to show by what particular acts of misconduct or negligence on the part of the defendant the injury was occasioned." But these expressions were, no doubt, intended to be taken with the qualification that the injury proceeded from something under the control of the carrier or its servants. Thus, in an earlier case in Pennsylvania it is said : "When in the performance of this contract [of carriage] they hurt a passenger, without fault of his, the law, *prima facie*, raises a presumption of negligence, and throws on the company the *onus* of showing that it did not exist." *Sullivan* v. *Railroad Co.*, 30 Pa. St. 234, 239.

We need not examine in detail the applications which this doctrine received in the above cases. The extent to which the rule has proceeded may be understood by selecting two or three, which are stronger, if possible, than the case at bar. In *Holbrook* v. *Railroad Company* 12 N. Y. 236 (affirming s, c. 16 Barb. 113), it was shown that a passenger was seated in a railway coach. While the train was in motion, some hard substance rubbed against the coach and struck her elbow, fracturing it. What this substance was did not appear. It was held that the evidence raised a presumption of negligence on the part of the railway company. In *Railroad Company* v. *Pollard*, 22 Wall. 341, a female passenger was standing in a Pullman car arranging her child's hair, preparatory to alighting from the train. It was about daylight ; the train had arrived at its destination ; the car was upon a siding, hitched to an engine, and moving so slowly that some of the passengers were then getting off. One car bumped against another with a certain degree of force, so that the passenger was in some way thrown against the arm of the seat in which she had been sitting, striking the lower part of her spinal cord, and inflicting a severe injury. Upon this testimony it was held, on the authority of *Stokes* v. *Saltonstall*, 13 Pet. 181, that it was no error to refuse to nonsuit the plaintiff, or to give the instruction which we have already quoted from this case. A case still

more like the present is *Roberts* v. *Johnson*, 58 N. Y. 613
(affirming *s. c.* 5 Jones & Sp. 157). The plaintiff, a large,
fleshy woman, was a passenger in the defendant's omnibus,
in New York City. The evidence tended to show that while
she was getting out the horses started, by means of which
she was thrown violently upon the ground and injured.
" This," said the court, " showed, *prima facie*, either that
the horses were unsuitable for such service, or the driver
incompetent or negligent in the performance of his duty.
If the starting of the horses was attributable to some other
cause, for which the defendants were not responsible, it was
for them to show it." She recovered damages, and the
judgment was affirmed.

There is nothing peculiar in street-railway service to re-
move the present case from the application of these prin-
ciples. *Chicago Railway* v. *Munford*, 21 Alb. L. J. 214.
Street-railway proprietors are common carriers of passengers.
*Citizens' Railway* v. *Carey*, 56 Ind. 396. They have been
held to be such within the meaning of a statute which
provides that " a carrier of passengers is bound to extraor-
dinary diligence, on behalf of himself and his agents, to
protect the lives of his passengers." *Holly* v. *Railroad
Co.*, 7 Reporter, 460. The rule of the common law, that
" passenger carriers bind themselves to carry safely those
whom they take into their coaches, as far as human care
and foresight will go," has been applied to them. *Mav-
erick* v. *Railroad Co.*, 36 N. Y. 378, 381. It has been held
that such a carrier owes the duty to his passengers of stop-
ping a reasonable length of time to allow them to alight
( *Crissey* v. *Railroad Co.*, 75 Pa. St. 83) ; and if his ser-
vant in charge of such a car stops it so that a passenger, in
getting off, without negligence on his part, comes in contact
with a rapidly approaching vehicle, it will be negligence,
and a case for damages. *Maverick* v. *Railroad Co.*, 36 N.
Y. 378, 381.

Nor is this principle confined to situations in which the

person sued for the injury was under a duty to the person injured, which, for a consideration, he had voluntarily assumed. It is of equal application where there is no contractual relation between the parties, but where the duty which the defendant has presumptively violated was a duty imposed upon him by the laws governing society. Every person is under an obligation to so conduct and manage his property, or to conduct his business, as not to injure the person or property of another. If he fails in this, either wilfully or negligently, he must pay damages to the person injured. And where there is a failure of direct proof, he will be charged on the same presumptive proof which, as we have seen, is sufficient to charge the carrier of passengers. Thus, as has been held in several cases, if it appear in evidence, without more, that A. has been injured, without fault on his own part, by some substance striking him which was under the control of B., and B. offers no explanation tending to exonerate him, B. must pay damages to A. Thus, a traveller is passing under a bridge, which a railway company has thrown across a highway; at the same time a train is passing over the bridge on the railway; a brick falls from the wall of the bridge upon the traveller and hurts him. There is no evidence whatever as to how the brick came to be loosened from its place. The railway company must explain that the brick came to fall from some cause consistent with its innocence, or pay damages to the traveller. *Kearney* v. *Railroad Co.*, L. R. 5. Q. B. 411 and L. R. 6 Q. B. 759; *s. c.* 2 Thomp. on Neg. 1220. A traveller passing along the street is struck by a barrel of flour falling from the window of an abutting warehouse. There are no other facts in evidence. The occupier of the warehouse must pay damages to the traveller, unless he can show that there was no negligence on the part of himself or his servants. *Byrne* v. *Boadle*, 2 Hurl. & Colt. 722; *s. c.* 33 L. J. (Exch.) 13. An officer of customs is passing, in the discharge of his duty, from one door of a warehouse to

another, when some bags of sugar fall on him. There is no other evidence. The proprietor must excuse himself or pay damages. *Scott* v. *Dock Co.,* 10 Jur. (N. s.) 1108. A person calls at the door of the defendant's place of business to make an inquiry: While there, a packing-case which has been negligently set up against the wall falls on him. There is no evidence as to how the packing-case came to fall, or who placed it against the wall. Here, again, the defendant must explain or pay damages. *Briggs* v. *Oliver*, 4 Hurl. & Colt. 403 ; *s. c.* 35 L. J. (Exch.) 163. A person is lawfully on the street, when, without fault on his part, an adjoining building falls down, injuring him. He makes out a case for damages against the owner by proving these facts, without more. *Mullen* v. *St. John*, 57 N. Y. 567 ; *Vincett* v. *Cook*, 4 Hun, 318. So, if water escapes from the hydrant of the tenant of the upper floor of a building and does damage to the tenant of the lower floor, the latter makes out a *prima facie* case for damages by proving this fact, without more. *Warren* v. *Kaufman*, 2 Phila. 259. The expression *res ipsa loquitur* conveys to the mind the governing rule of these cases. But this is only an expression of the rule itself. The reason upon which it rests was thus stated in *Scott* v. *Dock Co.*, *supra:* " Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, under an ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

Extending these principles to the present case, we hold that a carrier of passengers, though not bound to wait, in all cases, till passengers are seated before starting his car, yet owes them the duty of either waiting a reasonable time for them to be seated, or else, if the car is started before they are seated, of starting it with a gradual motion, such as will not throw them down, or throw them against the

glass windows with which the car is surrounded. A failure to perform this duty makes out a *prima facie* case of negligence against him, which calls upon him for explanation, and, in the absence of explanation, becomes conclusive. He may rebut this *prima facie* case by showing facts which make it appear, either that the accident happened notwithstanding the exercise on his part of that strict care and vigilance which the law has imposed upon him (*Bowen* v. *Railroad Co.*, 18 N. Y. 408; *Kelly* v. *Railroad Co.*, 70 Mo. 604, 609), or that the injury which the passenger received was produced, in whole or in part, by negligence on his own part. *Railroad Co.* v. *Pollard*, 22 Wall. 341, 346.

It is also urged that the petition sets forth no cause of action, in that no particular act of negligence is stated. If it had been demurred to, this might have been a debatable question. *Railroad Co.* v. *Van Horn*, 38 N. J. L. 133. But there is good precedent which would have sustained it on demurrer. *Allender* v. *Railroad Co.*, 37 Iowa, 264, 272; *Railroad Co.* v. *Keely*, 23 Ind. 133; *Railroad o.* v. *Taffe*, 11. Ind. 458; *Eldridge* v. *Railroad Co.*, 1 Sandf. 89; *Ware* v. *Gay*, 11 Pick. 106. It is sufficient, however, for us to say that, under any rule of pleading with which we are acquainted, it would have been good after verdict (*Taylor* v. *Day*, 16 Vt. 566), and that it contains no defects which are not, under our statute (Rev. Stats., sect. 3519), waived by failing to demur.

The judgment is reversed and the cause remanded. The other judges concur.