JAMES A. WARD, Respondent, v. C. J. STEFFEN, Appellant.

| 88 | 571 |
| 97 | 355 |
| 97 | ²372 |

St. Louis Court of Appeals, April 23, 1901.

1. **Damages:** PERSONAL INJURIES AND INJURIES TO PROPERTY: NEGLIGENCE. The exception of appellant to the court's refusal to direct a verdict in his favor must be overruled, as there was substantial evidence tending to establish his negligence in leaving his team unhitched and unwatched, at a place where it was likely to be frightened.

2. ———: ———: INSTRUCTIONS. The instructions fairly offered the different positions of the respective parties, to the jury for its decision, and as the testimony for plaintiff was sufficient to establish a prima facie case, it was for the jury to determine whether or not such prima facie case was successfully rebutted by the defendant.

3. ———: ———: ———: BILL OF EXCEPTIONS. The clerk's certificate that he had wrongfully copied an instruction as asked for by defendant, when as a matter of fact it was asked for and given for plaintiff, is *de hors* the record, and must be disregarded, since this court can only determine cases from the record as contained in the bill of exceptions.

4. ———: ———: MEASURE OF DAMAGES AND INSTRUCTIONS WITH RESPECT THERETO. The instruction given by the court, defining the measure of damages, that told the jury to take into consideration the plaintiff's condition in life, as shown by the evidence, was correct, and the criticism of it on that ground was without merit.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

Appeal from a verdict and judgment for fifty dollars

damages in favor of the plaintiff for injuries received by himself, his horse, buggy and harness, by the team and wagon of the defendant running against plaintiff's buggy and horse while he was driving along a street of Troy. The negligent act charged against defendant is, that he left his team at the railway depot unhitched and unattended by anyone and they became frightened, ran away and caused the injuries aforesaid. The runaway, collision and some damage, were undisputed; defendant seeking to exculpate himself by evidence that his horses were gentle, that they were frightened while standing at the station platform by one Bowser, driving a one-horse wagon to the platform near them loaded with ducks and geese, and swearing at and lashing his horse violently to make him back. Steffen admits he left his team unhitched while he loaded his wagon, but with the brake set and the lines wrapped around it. In the course of loading, which consumed a half hour, he was in and out of the depot and the team started while he was inside paying his freight bill. He was in a hurry, he says, because the train was nearly due. He lived four miles in the country, had driven the team to town two or three times a month and had hauled freight from the depot with them. Testimony was given to prove there were convenient hitching places at the platform. Defendant testified he always hitched the horses when he could, but claims he was prevented from hitching that day by piles of freight being in the way.

The following testimony was given by Levi Cox, a witness for the defendant: "Q. Describe to the jury what Steffen's horses did when this man was beating his horse over the head? A. They was standing still before that and commenced dodging back and throwing their heads up a little and turned to the right and took right down in a kind of trot at first and by the time they got to the elevator they got into a lope. Q. How far had they gotten away from the platform before

Steffen came out of the depot? A. About one-third of the way down to the elevator." He said he supposed the elevator was seventy-five or one hundred yards from the platform. Many instructions were given, but the two following, of which the first was given for the plaintiff and the second for the defendant, will suffice to show the theory on which the case was submitted.

"Even though the jury believe from the evidence that the horses of defendant became frightened at the noise of the geese, and Bowser whipping his horse, yet if you further believe from the evidence that the horses would not have escaped had the defendant used the care of a prudent, careful man, in fastening or detaching them from the wagon, the verdict will be for the plaintiff.

"If you believe and find from the evidence in the cause that the defendant's horses were made to start and run by the wantonness, carelessness or negligence of one Bowser, and that defendant was not guilty of negligence in so leaving his horses, and that but for such conduct upon the part of said Bowser the horses would not have run and collided with the vehicle in which the plaintiff was riding, then and in that case the defendant is not liable."

The next one quoted is asserted by the appellant to have been requested by the respondent, but the bill of exceptions shows, on the contrary, that the appellant asked it.

"If the jury find from the evidence that defendant was on the ———— day of November, 1898, in charge of the team of horses, hitched to a two-horse wagon, in the city of Troy, Missouri, and that he negligently permitted said team of horses, attached to said wagon, to escape from his custody, and as a result of so escaping they ran upon and over plaintiff, while he (plaintiff) was lawfully in the street or road, and he was damaged by being personally injured, and having his bay mare,

buggy and harness injured by reason of being so run upon, then the jury are instructed that plaintiff is entitled to recover whatever damage he has shown by the evidence that he sustained, not to exceed forty dollars to the bay mare, seventy-five dollars to the buggy, thirty dollars to the harness, and five hundred dollars to his person, in all not to exceed six hundred and forty-five dollars; unless the defendant has shown to the jury by a preponderance of the evidence that he was not guilty of any negligence or carelessness in permitting said team to escape."

The charge as to the measure of damages was this:

"If the jury find for the plaintiff, and further find that he sustained injuries to his person, they will, in assessing his damages, take into consideration his loss of time, physical pain, suffering and mental anguish as shown by the evidence to him directly resulting from the injuries sustained, the damages for the injuries to his person not to exceed the sum of five hundred dollars.

"And the jury are further instructed that in assessing such damages to the person of plaintiff, they can also take into consideration plaintiff's condition in life, as shown by the evidence, as well as all other facts in the case bearing upon such subject."

*D. P. Dyer* for appellant.

(1) The court should have nonsuited the plaintiff. (2) The instructions given at the instance of the plaintiff were erroneous. (3) The instructions given for the plaintiff and for the defendant were squarely contradictory and could not but mislead the jury. (4) The defendant's motion for a new trial should have been sustained.

*Norton, Avery & Young* for respondent.

"When the plaintiff had shown that he was riding on the street in the daytime and that he was run upon by defendant's horse and injured, and that defendant's horse had escaped from his (the defendant's) custody, then plaintiff had made a prima facie case and the burthen of explaining or proving that there was no negligence on the part of defendant in permitting his team to escape was shifted," and the court so instructed. Sustaining this view we might give many cases other than the Dougherty case, 9 Mo. App. 478, and we will give a few others: Hill v. Scott, 38 Mo. App. 370; Madden v. Railroad, 50 Mo. App. 676; Coudy v. Railroad, 85 Mo. 85; Brewing Ass'n v. Tolbott, 141 Mo. 674; Hadley v. Orchard, 77 Mo. App. 141; Earn v. Rubenstein, 77 Mo. App. 337; Polhans v. Railroad, 45 Mo. App. 153; Conway v. Reed, 66 Mo. 346; Cox v. Railroad, 128 Mo. 362; Bunker v. Hilber, 49 Mo. App. 536.

GOODE, J.—Appellant's exception to the refusal to direct a verdict for him must be overruled. There was substantial evidence tending to establish a negligent act by him in leaving his team unhitched and unwatched at a place where they were likely to be scared. While it may be conceded they were provoked to run by Bowser's violent whipping of his horse and the noise of the frightened geese, may be, the stampede or the resulting damage would not have occurred if they had been hitched or in charge of some person. Horses often run away when unhitched from an alarm which will only cause them to be restless or to tug at the halter without escaping, if they are tied. The instructions fairly offered the different positions of the respective parties to the jury for their decision as to which was right. The testimony for the plaintiff made

Ward v. Steffen.

a prima facie case.   Dougherty v Railway Co., 9 Mo. App. 478; Hill v. Scott, 38 Mo. App. 370; McManamee v. Railway Co., 135 Mo. 440, 449; Trans. Co. v. Downes, 11 Wall. (U. S.) 129.   Whether it was successfully rebutted by the defendant was for the jury to say.   Gannon v. Laclede Gas Light Co., 145 Mo. 502.

II.   Appellant's complaint of the instruction, that the finding should be for the plaintiff unless the defendant had shown by a preponderance of the evidence that he was not guilty of any negligence or carelessness in permitting his team to escape, must be disregarded because the bill of exceptions states he requested it.   We shall pay no attention to the certificate of the clerk *de hors* the transcript that plaintiff asked it. We determine appeals by the record.   Allen v. Claybrook, 58 Mo. 124; Stegman v. Berryhill, 72 Mo. 307; State v. Vaughan, 141 Mo. 514.

III.   There is no merit in the criticism of the direction concerning the measure of damages for permitting the jury to take into consideration plaintiff's condition in life as shown by the evidence.   Russell v. Columbia, 74 Mo. 480; Thomas v. Railway Co., 20 Mo. App. 485; Mitchel v. Plattsburg, 33 Mo. App. 555; Smith v. Butler, 48 Mo. App. 663.

The judgment is affirmed, all concurring.