### SARAH B. HOWLAND *vs.* N. Y., N. H. & H. R. R. Co.

#### PROVIDENCE—APRIL 20, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Common Carriers. Request to Charge.*

Plaintiff, a passenger on one of defendant's trains, alleged that by instruction of defendant's servant she alighted from the car on the side opposite the platform, and in so doing stuck her foot in a hole beneath the rail of an adjoining track and was injured. The court instructed the jury that this was the ground of negligence relied upon, and that unless plaintiff was injured in the manner stated the verdict must be for defendant:— *Held,* no error.

(2) *Negligence. Common Carriers. Request to Charge.*

An instruction that if the defendant kept the space between the rails in the usual condition as at stations in general, provided such condition was a safe one, the verdict must be for the defendant, was proper, and it was not necessary to limit the instruction to stations where the same conditions prevailed as at the station in question, since the instruction stated a general proposition of law applicable to all stations.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and denied.

TILLINGHAST, J. The declaration in this case sets out that on the 27th day of November, 1901, the plaintiff was a passen-

ger on one of the defendant's trains; that she purchased a
ticket of the defendant which entitled her to be transported
from Boston, Mass., to Pawtucket, R. I.; that she boarded the
train in Boston and was conveyed by the defendant to said
Pawtucket, and that it then and there became the duty of the
defendant, as a common carrier of passengers, to safely and
securely carry and convey the plaintiff, and to permit her to
safely and securely alight from said train.

And she avers that the defendant, not regarding its duty in
this behalf towards her, did, by its servant and agent, at said
Pawtucket station, instruct her to leave the train on the south
side thereof, and for this purpose the agent and servant of the
company opened the gate of the car on which she was riding,
whereupon the plaintiff, in the exercise of due care and fol-
lowing the instructions of the servant, alighted from said car,
and in doing so stuck her foot in a hole or depression beneath
the rail of an adjoining track, whereby she was thrown vio-
lently to the ground and badly hurt.

The declaration further alleges that the tracks on the south
side of the station were not planked, and that there was no
protection for passengers, and that it was the duty of the de-
fendant to deliver the plaintiff on the platform of the regular
passenger station; yet, through its negligence, it caused the
plaintiff to leave the car on the side nearest the freight station
of the defendant, whereby she suffered injury as aforesaid.

(1)   At the trial of the case in the Common Pleas Division a
verdict was rendered in favor of the defendant, and the case
is now before us on the plaintiff's petition for a new trial on
the ground that the presiding justice erred in his instructions
to the jury, and in his failure to instruct the jury as requested
by the plaintiff.

The defendant's first request to charge, which was granted
in a modified form, and to which plaintiff's counsel excepted,
was as follows: "The sole question in this case is whether or
not the plaintiff stuck her foot in a hole or depression beneath
the rail. And if she did not the verdict must be for the de-
fendant." The court said: "I have already in substance
granted that. The 'sole question,' is a little misleading.

That is the ground of negligence relied upon. Modified in that way, I grant the request."

We see no objection to the request as thus granted.

The plaintiff testified that in crossing the northbound track, immediately after leaving the train, she stuck her foot into a hole between the rails of the northbound track, near to where she alighted from the train at Pawtucket, whereby she was thrown upon the concrete walk in front of the express office and severely injured. And she did not claim that any other defect in connection with said track or premises caused her to fall. In short, her claim, as made by her testimony and corroborated to some extent by other testimony, was that the hole into which she accidentally stepped was the sole cause of her injury. Whether there were any other defects in the premises, therefore, was of no account, because she does not contend that any other defects were responsible for her injury.

(2)    The second and third requests to charge, to which exceptions were taken by the plaintiff, were substantially alike, and may be considered together. They were as follows: 2. "If the space between the rails was in the usual condition, the verdict must be for the defendant." The court said: "That, subject to the condition that the usual condition was a safe one, I will grant the request." 3. "If the space between the rails was in the same condition that it usually is at stations in general, the verdict must be for the defendant." The court said: "That, subject also to the same qualification, I grant."

Plaintiff's counsel contends that as to what were the usual conditions at railway stations could not possibly have any bearing upon the condition at the Pawtucket station; for it appears that all the space between the station and the shed was used by passengers freely in leaving trains, and it does not appear that the same conditions prevailed at other places. And hence he argues that this instruction had the effect to make the jury believe that it made no difference what the condition of the premises at the Pawtucket station was, provided only that the same conditions prevailed everywhere else.

We fail to see the force of this argument. All that the defendant was called upon to do was to keep its premises in a safe condition for passengers to use when in the act of boarding or alighting from its trains. And it was not necessary to specifically instruct the jury that this applied only to stations where the same condition prevailed as prevailed at Pawtucket. The instruction simply stated a general proposition of law, and was manifestly applicable to all stations alike. That is, wherever the station might be, and whatever the circumstances surrounding the same might be, that it was the duty of the defendant in those circumstances to provide a safe landing place for its passengers.

This doctrine is well sustained by the following cases, cited by plaintiff's counsel, viz., *McDonald* v. *Chicago & N. W. R. R. Co.*, 26 Iowa, 124; *Meier* v. *Pa. R. R. Co.*, 64 Pa. St. Rep. 229; *Warren* v. *Fitchburg R. R. Co.*, 8 Allen, 232; *McKone* v. *Mich. Central*, 51 Mich. 601; *Bowen* v. *N. Y. Central R. R. Co.*, 18 N. Y. 408; *Boss* v. *Providence & Worcester R. R. Co.*, 15 R. I. 149.

The fifth request, to charge which was granted subject to plaintiff's exception, was this: "If Mrs. Howland stubbed her toe upon the rail and because of that fell, the verdict must be for the defendant."

We think this was correct. As already suggested, the only ground upon which the plaintiff claimed to recover was that she stepped into a hole near to the outer rail of the northbound track and was thrown and injured as aforesaid. The only ground, therefore, upon which she could recover was that such a defect in fact existed and that this was the cause of her injury.

As what we have thus said practically covers the points raised by the plaintiff's exceptions to the refusal of the court to charge, as specifically requested by her counsel, there is no occasion for a particular consideration thereof.

The plaintiff's petition for a new trial is denied, and the case remanded for judgment on the verdict.

*Williams & Palmer*, for plaintiff.

*David S. Baker and Lewis A. Waterman*, for defendant.