GEORGE W. HAYNIE, Plaintiff in Error, v. HAMMOND PACKING COMPANY, Defendant in Error.

Kansas City Court of Appeals, June 24. 1907.

1. **MASTER AND SERVANT: Place of Work: Alter Ego: Negligence.** Where a machinist repairs an elevator rope under such conditions as to make him the *alter ego* of his master it becomes his duty to use reasonable care to make the elevator a reasonably safe place for the operator to work in and his negligence will be imputable to his master.

2. ———: ———: **Negligence: Presumption: Burden.** On a review of the evidence it is held that a judgment based upon it would be the product of mere speculation and guesswork, since it is not permissible to build one presumption on another to make a cause of action. *Held,* further that the servant's burden did not cease with showing the fall of the elevator and his injury, but he was required to adduce facts tending to show the negligent breach of the master's duty.

3. ——: ——: ——: Res Ipsa. *Held*, that the doctrine of *res ipsa loquitur* cannot supply the deficiencies in plaintiff's evidence. [Hamilton v. Railway, 123 Mo. App. 619, followed.]

Error to Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Mytton, Parkinson & Crow* for plaintiff in error.

(1) Mulvane occupied the position of master for the reason that he was assigned by the master to perform a duty owed by the master to plaintiff, its servant, namely, keeping the elevator or the place where plaintiff was required to perform his duty in a reasonable safe condition. Weldon v. Railway, 93 Mo. App. 674; Zellers v. Water and Light Co., 92 Mo. App. 119; Jones v. Railway, 178 Mo. 544. (2) The fact that the master was at the machinery that controlled the elevator with grease on his hands and clothing, and the fact that the elevator had been operated all day without danger, and the fact that the elevator fell suddenly and rapidly and that it could only have fallen from the grease being on the bull wheel, makes a prima-facie case for plaintiff, and shifts the burden to defendant to explain. The witness without contradiction stated that the elevator would not have fallen except from grease being on the bull wheel. No person was near the bull wheel except Mulvane, who occupied the position of master, and he had the grease on his hands and clothing. This is a catastrophe in the mere statement of which an implication of negligence necessarily follows. The thing itself speaks. *Res ipsa loquitur.* Blanton v. Dold, 109 Mo. 74; Schuler v. Railway, 87 Mo. App. 619; Gallaher v. Illuminating Co., 72 Mo. App. 576; Sackewitz v. Mfg. Co., 78 Mo. App. 144.

*Vinton Pike* for defendant in error.

(1)   The argument is made here that as the elevator fell and the only cause conjectured is grease on the bull wheel, grease must have got there through the negligence of defendant.  As there is no evidence that defendant put oil on the wheel, plaintiff argues that it must be presumed it put oil there because it must be presumed oil was there.  That is to say, it must be inferred that oil was on the bull wheel from the fact that the elevator fell; and from that inference another inference must be drawn that the master carelessly put the oil on the wheel.  An inference from an inference is not allowable.  Glick v. Railway Co., 57 Mo. App. 104; Yarnell v. Railway, 113 Mo. 370; State v. Lackland, 136 Mo. 26; Chemical Co. v. Lackawanna Line, 78 Mo. App. 312; Bank v. Railway, 98 Mo. App. 335.   (2)   But the abstract does not show that plaintiff even stated a cause of action.  The petition, it says, alleged "a number of acts of negligence;" then follows those relied on at the trial.   Negligence, however, presupposes a duty and none is shown or hinted at.  No relation between plaintiff and defendant; no connection of defendant with the elevator; no duty to protect plaintiff as a stranger, invited guest or servant.

JOHNSON, J.—Action by a servant against his master to recover damages for personal injuries alleged to have been caused by the negligence of the latter.  At the conclusion of the evidence introduced by plaintiff, the court instructed the jury to return a verdict for defendant, and the cause is here on appeal of plaintiff.

The injury occurred while plaintiff was engaged in operating an elevator maintained by defendant in a meat packing establishment conducted by it in the city of St. Joseph.  The vehicle had been running all day carrying loads of freight and, late in the afternoon, plaintiff observed a defect in the cable by which the

car was suspended. He, at once notified defendant, and a machinist employed in the establishment repaired the cable without delay, after which plaintiff ran the car to the sixth floor and attempted to stop it there, but from some cause, it descended with great rapidity to the bottom of the shaft, severely injuring him.

Several acts of negligence are alleged in the petition, but the evidence introduced failed entirely to show the existence of any defect in the elevator or in any of the appliances connected with its operation. The safety catches did not act but, on cross-examination, plaintiff admitted they were not designed to operate except in case the cable broke or became slack and, as the cable did not break and remained taut during the descent of the car, the condition did not obtain under which they should have been put in operation. The machinery by which the car was operated was situated at the top of the shaft and it was there the machinist repaired the cable. The car was stopped or held in place by means of a brake and wheel. The brake was operated from the car and when the operator desired to stop, he applied the power in such manner that the brakeshoe was firmly pressed against the periphery of the wheel. Plaintiff testified that the machinist worked in proximity to the wheel while he was repairing the cable, and that his hands and clothing had become greased from working around and with other machinery in the building. The only ground on which plaintiff is endeavoring to hold defendant liable for his injury is that the machinist, in some negligent manner, must have dropped oil or grease where it acted as a lubricant between the brakeshoe and the wheel, thereby preventing the brake, when the power was applied, from holding the wheel in place. To support this theory, plaintiff introduced an expert witness, from whom the following testimony was elicited:

"Q. Mr. Messenger, assume that the elevator is in good repair, and that this man, Mulvane, was up there

repairing the rope that was cut half in two, and the elevator was taken to the sixth floor, and immediately after it stopped, it fell instantly, and there was nothing wrong with the machinery, nothing with any part of the machinery of the elevator; could you tell what caused the falling of the elevator under those circumstances? A. Yes, sir. Q. What was the cause of the elevator falling? A. It must have been some grease on the bull wheel. Q. Is that the only thing that could have caused it? A. Yes, sir."

We will concede that while repairing the cable, the machinist was the *alter ego* of defendant to perform its duty as master which required it to employ reasonable care to provide its servant a reasonably safe place in which to work, and with reasonably safe appliances with which to work and, therefore, that the negligence of the machinist, if any, should be regarded as the negligence of defendant. [Weldon v. Railway, 93 Mo. App. 674; Zellars v. Water & Light Co., 92 Mo. App. 119; Jones v. Railway, 178 Mo. 544.]

But the weakness of plaintiff's case lies in the entire absence of fact or circumstance from which negligence on the part of the machinist reasonably may be inferred. We are asked to conclude from the single fact of the falling of the car that oil must have prevented the brake from holding the wheel; then to draw from that conclusion another, viz: that the oil must have been dropped by the machinist into the place where it wrought such havoc and, finally, from these two, to draw the third conclusion that the transmission of the oil was the result of some act of negligence on the part of the machinist. A judgment reached by such process would be the product of mere speculation and guesswork. It is not permissible to build one presumption on another and thus make a cause of action. A presumption to be valid must be based on facts and not on other presumptions. To hold that an inference of negligence might

be entertained in the present case, by reasonable minds, would be to say that plaintiff had no other burden of proof than that of showing the fall of the elevator and his injury. The law required him to go further than this in order to recover. It imposed on him the burden of adducing facts tending to show a negligent breach by defendant of the duty imposed on it by law to exercise reasonable care in providing for the safety of its servants. [Glick v. Railway, 57 Mo. App. 97; Yarnell v. Railway, 113 Mo. 570; State v. Lackland, 136 Mo. 26; Bank v. Railway, 98 Mo. App. 335.]

The occurrence in question does not indicate the existence of a condition or event in its very nature so destructive of persons or property or so tortious in its quality as to permit, in the first instance, no inference save that of negligence on the part of the master, and, therefore, the doctrine of *res ipsa loquitur* invoked by plaintiff cannot serve to vivify into a cause of action the barren facts before us. The principles discussed and applied by us in the recent case of Hamilton v. Railway, 123 Mo. App. 619, 100 S. W. 671, where we fully considered this doctrine in its relation to actions arising from breaches of the duty of master to servant, when applied to the facts of the present case, necessitate the concluson that plaintiff has failed to make out a case to go to the jury. We refer to the reported opinion for a full expression of our views respecting the application of this doctrine to cases of the character of the one in hand.

The judgment is affirmed.    All concur.