MARGARET E. DUNLAP, Administratrix, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 6, 1910.

1. CARRIERS OF PASSENGERS: Status of Postal Clerk. A postal clerk on duty in his mail car on defendant's railway is a passenger, and entitled to the care due a passenger.

2. EVIDENCE: Res Gestae: Hearsay. Historical or narrative recitals of the facts connected with a past transaction are hearsay and not *res gestae*. The statement of deceased as to how the accident happened was properly excluded.

3. ———: Circumstantial Evidence: Building Inference on Inference. While the existence of an ultimate fact may be proved by circumstantial evidence, yet the fact sought to be proved must appear as a direct and reasonable inference from other facts and circumstances, and not as the result of an inference that can be reached only by a process of reasoning from such other facts and circumstances. It is not permissible to build inference on inference, conclusion on conclusion, nor to supplement elemental or basic facts by inference.

4. ———: ———: ———. The evidence showed that deceased entered defendant's car in good health, that he was seen a few minutes later apparently suffering pain, with a shoe on his foot that bore marks of a violent blow, that a transom or ventilating window, which belonged in the upper part of the car, was lying on the floor near deceased, and that there was no other object apparent which could have caused him injury. From the receipt of the injury to the date of his death, 6 days later, his dissolution was rapid. The finding of the jury that his death was the result of the fall of the transom upon his foot was not based on conjecture.

5. CARRIER: Res Ipsa Loquitur: Burden of Proof. The fall of the deck sash raised a presumption of negligence on the part of the carrier, and the burden of proof was cast upon it to rebut this presumption.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

REVERSED AND REMANDED (*with directions*).

*Guthrie, Gamble & Street* for appellant.

(1)   That the plaintiff's intestate received the injury to his foot from the fall of the deck sash was amply established by circumstantial evidence. ·Hobbs v. Railroad, 113 Mo. App. 126; Voegeli v. Pickel Co., 56 Mo. App. 678; Yongue v. Railroad, 133 Mo. App. 141; Buesching v. Gas Light Co., 73 Mo. 219; Kelly v. Railroad, 70 Mo. 604; Longree v. Mfg. Co., 120 Mo. App. 494; Duerst v. Stamping Co., 163 Mo. 608; Winkle v. Dry Goods Co., 132 Mo. App. 656; Railroad v. Wood, 66 Kan. 613; Screen Door Co. v. Black, 126 Fed. 721; Railroad v. McDade, 112 Fed. 888; Hotchkiss, etc., Co. v. Bruner, 42 Colo. 305; Oil Co. v. Deselms, 18 Okla. 108; Bradbury v. City, 80 Conn. 298; Hyde v. Mendel, 75 Conn 140; Railroad v. Webb, 116 Ga. 152; Cassidy v. Town, 12 R. I. 447; Carpenter v. Town, 107 Wis. 555; Powell v. Railroad, 125 N. C. 372; Hopkinson v. Co., 92 Iowa 330; Kern v. Snyder, 145 Fed. 330. (2)   A prima-facie case, being once established, is not overcome by direct proof of the defendant to the contrary.   Circumstantial evidence is not necessarily overcome by direct testimony to the contrary.   Kelly v. Railroad, 70 Mo. 604; Goff v. Transit Co., 199 Mo. 694; Hepsley v. Railroad, 88 Mo. 353; Railroad v. Colliati, 75 Kan. 56.   (3)   It is not essential that the inference drawn from the circumstances be a necessary inference, provided it is one of different inferences which might reasonably be drawn.   17 Cyc. 820; Conner v. Railroad, 181 Mo. 397; Oil Co. v. Deselms, 18 Okla. 108; Clark v. Manchester, 64 N. H. 471; Railroad v. Wood, 66 Kan. 613; Bradbury v. City, 80 Conn. 298; Insurance Co. v. Weide, 78 U. S. 440.   (4)   Slight circumstances are sufficient when the counter-prevailing proof is in the hands of the other party and not produced.   3 Ency. of Evidence, pp. 81, 82; Garrett v. Railroad, 36 Iowa 123; Fitzgerald v. Railroad, 154 N. Y. 266.   (5)   The declaration of the deceased as to the cause of his injury

was competent. State v. Way (S. C.), 56 N. E. 653; Christopherson v. Railroad (Ia.), 109 N. W. 1077; City v. Flaherty (Neb.), 104 N. W. 1056; Clark v. Van Vleck (Ia.), 112 N. W. 649; Hadley v. Carter, 8 N. H. 40; Wilson v. Railroad (Utah), 57 Am. St. Rep. 776, note; People v. Vernon (Cal.), 95 Am. Dec. 49. (6) The fall of a deck sash on a passenger makes a prima-facie case. Och v. Railroad, 130 Mo. 51.

*M. A. Low* and *Sebree, Conrad & Wendorff* for respondent.

(1) Presumptions and inferences must be drawn directly from facts in proof. Presumption cannot rest upon presumption and inference cannot rest upon inference. Glick v. Railroad, 57 Mo. App. 97; State to use v. Plass, 58 Mo. App. 148; Chemical Co. v. Lackawanna Line, 78 Mo. App. 305; Sowders v. Railroad, 127 Mo. App. 119; Haynie v. Packing Co., 126 Mo. App. 88; Moore v. Rennick, 95 Mo. App. 202; Swearingen v. Railroad, 221 Mo. 644; United States v. Ross, 92 U. S. 281, (23 L. Ed. 707); Manning v. Insurance Co., 100 U. S. 693 (25 L. Ed. 761); McCurre v. Railroad, 122 Colo. 585; Lawson on Presumptive Evidence, 652; Guaranty Co. v. Bank, 145 Fed. 273; Cowdon v. Schoenfeld, 214 Ill. 229; Williams v. Miles, 102 N. W. 482. (2) Plaintiff's case rests on mere speculation and conjecture. Haynie v. Packing Co., 126 Mo. App. 88; Trotter v. Railroad, 122 Mo. App. 405; Moore v. Rennick, 95 Mo. App. 202; Glick v. Railroad, 57 Mo. App. 97; State to use v. Plass, 58 Mo. App. 148; Och v. Railroad, 130 Mo. 27; Dougherty v. Railroad, 81 Mo. 325; Bartley v. Railway Co., 148 Mo. 124. (3) Testimony of statements made by deceased is incompetent. State v. Hendricks, 172 Mo. 654.

JOHNSON, J.—Plaintiff, as the administratrix of the estate of her deceased husband, John Dunlap,

sued to recover damages for the death of her husband which she alleges was caused by the negligence of the defendant. A trial before a jury resulted in a verdict for plaintiff in the sum of sixty-five hundred dollars, but afterward the court sustained a motion for a new trial on the ground "that the court should have peremptorily instructed the jury to return a verdict for the defendant," and the cause is before us on the appeal of plaintiff.

The question argued in the briefs of counsel is whether the evidence in its aspect most favorable to plaintiff tends to show that the death of her husband was the direct result of an injury of which negligence of defendant was the proximate cause. The trial court first answered the question in the affirmative and submitted the case to the jury, but, later, took a different view of the evidence and, concluding that the verdict could be nothing but the product of conjecture and speculation, set it aside. We shall confine our discussion of the case to the single issue thus presented by counsel. John Dunlap died, October 10, 1906, at the age of sixty-eight years, from an attack of pneumonia. Plaintiff contends that the disease was traumatic and was the direct effect of an injury to his left foot inflicted six days before his death.

Mr. Dunlap was a mail agent whose "run" was on a passenger train operated on defendant's branch line between Herington and Salina, Kansas. While on duty, he occupied a compartment twelve feet long by nine feet wide in a combination mail, express and baggage coach. He left his home at Salina on the morning of his injury, sound and in good health, and made the run to Herington. He attended to some duties at Herington and returned to his car some time before the train was scheduled to leave on the return trip. In returning, he stopped at another mail car and left some mail with the agent who observed that he was in good health and uninjured. A few minutes later an-

other witness (the baggageman on his train) observed
him sitting in his compartment near the door on the
east side and noticed an expression of pain and suffer-
ing on his countenance. He complained of being hurt
and the attention of the witness was directed to his left
foot. The top of the shoe showed fresh marks "as if
something apparently had struck the top of the shoe."
The witness then noticed a transom, or deck sash, lying
on the floor and, looking up to the ventilators just be-
low the ceiling, observed that one of the transoms was
missing. The transom was nine by twenty inches, had
square corners and edges and the glass was unbroken.
When in place it was one of the ventilators and opened
and closed on a hinge. Nothing else in the car was
disturbed or out of place. At Salina, the witness no-
ticed Mr. Dunlap leave the car and walk homeward.
He limped as though lame in his left foot. When he
reached home his wife had difficulty in removing the
shoe from his left foot, the top of the member being
swollen so badly. That night he had a severe chill and
in the morning another. A physician was called
and found great tenderness and soreness. The
swelling continued to increase in area, the pa-
tient suffered from nervous shock and exhibited
all the symptoms of traumatic pneumonia. In
his deposition the baggageman was asked to state
what Dunlap said at the time the witness found
him sitting in the car at Herington, apparently in great
pain. The witness answered: "He told me that the
transom of the car was knocked down by rough han-
dling of the train, it struck him on the foot, the tran-
som struck him on the foot." This evidence was ex-
cluded on the objection of defendant. There was no
other evidence of rough handling of the car on this oc-
casion, but a witness testified that frequently in being
switched, the cars were roughly handled.

We have stated the facts as they appear in the
evidence most favorable to plaintiff. In disposing of

the demurrer to the evidence, it is not necessary to refer to defendant's evidence further than to remark that it puts in issue the salient facts on which plaintiff founds her cause of action.   On behalf of plaintiff the court instructed the jury as follows:

"The jury are instructed that if you find from the evidence that on October 4, 1906, John Dunlap was in a car of the defendant, at Herington, Kansas, in the ordinary course of the performance of his duties as a postal clerk or route agent, and that the defendant was then a common carrier of passengers for hire, and that while he was so in such car a deck sash in said car fell on his foot and produced injuries directly causing his death, then you are instructed that the fall of such deck sash raises a presumption of negligence on the part of the defendant to rebut such presumption and to show that the fall of such deck sash (if it fell) was not the result of negligence on the part of the defendant; and if defendant fails to rebut such presumption (if any), and if you find from the evidence that said John Dunlap died as the result of such negligence, then your verdict must be for the plaintiff, provided you further find from the evidence that at the time of his death said John Dunlap left surviving him this plaintiff, Margaret E. Dunlap, as his widow, and that as such widow she has suffered a pecuniary loss by his death, and that prior to the commencement of this action the plaintiff became, and still is, the administratrix of the estate of said John Dunlap.

"The jury are instructed that if you believe from the evidence that on October 4, 1906, John Dunlap was in a car of the defendant, at Herington, Kansas, in the ordinary course of the performance of his duties as a postal clerk or route agent, and that defendant was then a carrier of passengers for hire, then the duty and obligation of the defendant was that of a carrier of passengers, and it was bound to exercise the highest practicable degree of care that would have been used

by prudent railroad men under the same or similar circumstances to handle said car and the appliances thereof, and the failure to exercise such care would constitute negligence on the part of the defendant.

"If your verdict is for the plaintiff then you should find in such sum not exceeding ten thousand dollars, as will in your judgment, considering all of the evidence presented to you, fairly compensate the widow (if any) of John Dunlap for any benefit, service or advantage of pecuniary nature or value which you believe from the evidence she would have received from the deceased, Dunlap, during his lifetime, but for his death; but not for any feelings of sorrow or loss on account of his death. The loss (if any) to be compensated is a pecuniary loss and does not include considerations of sentiment or affection."

Since, at the time of the alleged injury to his foot Dunlap was a postal clerk at his post of duty in the mail car, the relation he sustained to defendant was that of passenger and defendant owed him the duty due from a carrier to a passenger. [Railway Co. v. Jellison, 124 Ill. App. 652.] In solving the questions of whether or not the evidence of plaintiff shows that negligence of defendant was the proximate cause of the injury, we eliminate from consideration, as did the trial court, the testimony of the baggageman relative to the statement of Dunlap that the injury to his foot was inflicted by the fall of the ventilator produced by rough handling of the car. That statement was made after the infliction of the injury and after the cause thereof (*i. e.,* the rough handling of the car) had ceased and the car was at rest. Therefore, it was not of the *res gestae,* because it was not a spontaneous utterance made at the time of the happening of the event, but was a mere historical recital made after an opportunity for reflection had been afforded the narrator and, as such, was hearsay. [Wigmore on Evidence, sec. 1747, 1749, 1750; Ruschenberger v. Railroad, 161 Mo. 70; Koenig

v. Railway, 173 Mo. 698; Redmon v. Railroad, 185 Mo. 1; Frye v. Railroad, 200 Mo. 377.]

We find the evidence of plaintiff is clear and reasonable that the death of her husband was directly caused by an injury of his left foot, but the main question for our decision is whether or not the inference that the injury to the foot was caused by negligence of defendant must rest directly on facts and circumstances or be reached by a logical process of building one inference on another. This question has been argued by counsel with much ability and learning. Many authorities have been cited but we do not find it necessary to refer to them in this opinion. No rule is better settled than that the existence of an ultimate fact may be proved either by direct evidence or in default of that, by circumstantial evidence. An important limitation of the probative office of circumstantial evidence is that the fact sought to be proved must appear as a direct and reasonable inference from other facts and circumstances, and not as the result of an inference that can be reached only by a process of reasoning from such other facts and circumstances. It is not permissible to build inference on inference, conclusion on conclusion, nor to supply elemental or basic facts by inference.

Recently in Haynie v. Packing Co., 126 Mo. App. 88, we had a striking example of an attempt to reach the ultimate fact by a process of reasoning from a remote fact in the alleged causal chain. There the plaintiff was injured by the fall of an elevator and charged that the fall of the elevator was caused by the negligence of a machinist in unintentionally dropping oil in a place where it would prevent the brake from working properly. Of the proof offered by the plaintiff, we said:

"We are asked to conclude from the single fact of the falling of the car that oil must have prevented the brake from holding the wheel; then to draw from

that conclusion another, *viz.*, that the oil must have been dropped by the machinist into the place where it wrought such havoc and, finally, from these two, to draw the third conclusion that the transmission of the oil was the result of some act of negligence on the part of the machinist. A judgment reached by such process would be the product of mere speculation and guess-work. It is not permissible to build one presumption on another and thus make a cause of action. A presumption to be valid must be based on facts and not on other presumptions. To hold that an inference of negligence might be entertained in the present case, by reasonable minds, would be to say that plaintiff had no other burden of proof than that of showing the fall of the elevator and his injury. The law required him to go further than this in order to recover. It imposed on him the burden of adducing facts tending to show a negligent breach by defendant of the duty imposed on it by law to exercise reasonable care in providing for the safety of its servants."

But the logical difference between the facts of that case and others of its kind and the facts of the present case will be apparent on analysis. Here the inference that the injury was caused by the fall of the transom and that such fall was the result of some unusual violence such as rough handling of the car in switching, rests squarely, proximately and completely on facts and circumstances in evidence. Not one link is missing in the evidentiary chain. Dunlap went into the car well and sound; there was nothing in there that could fall on his foot but the transom. A few minutes later he was discovered in the car showing signs of physical injury; his shoe showed marks of a violent blow; his foot was injured; the transom on the floor was the only instrument that could have inflicted the injury, and, evidently, it had become torn from its place near the roof and had fallen to the floor. There is no necessity for resorting to conjecture, speculation or syllogism to

infer that the injury was caused by the falling transom. That is the first and last conclusion a person in the position of the baggageman would have reached after he had taken in the details of the situation.

Plaintiff satisfied her burden of proof in showing that the injury was caused by the fall of the ventilator. With this fact established it would devolve on defendant "to show by a preponderance of the evidence that the injury was caused by something not under its control, and not from any fault, want of care or watchfulness upon his part." [Ochs v. Railroad, 130 Mo. l. c. 51.]

The learned trial judge did not err in overruling the demurrer to the evidence, but did err in granting a new trial. The case was tried without substantial error. The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with the verdict. All concur.